IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LARRY PAUL TAYLOR AND § <br> PAMELA LAVELLE VARNELL, § <br> INDIVIDUALLY AND UPON BEHALF § <br> OF THE HEIRS OF THE ESTATE § <br> OF DAVID PAUL TAYLOR § <br>     Plaintiffs § <br> § <br> v. § <br> § <br> RICHMOND STATE SUPPORTED § <br> LIVING CENTER § <br>     Defendants § | CIVIL ACTION NO. 4:11-cv-03740 |

## ORIGINAL COMPLAINT

**NOW COMES** Larry Paul Taylor and Pamela Lavelle Varnell, individually and in their representative capacity in the Estate of David Paul Taylor, deceased, collectively named Plaintiffs herein, by and through their attorneys of record, Martin J. Cirkiel of the law firm of Cirkiel & Associates, P.C., Michael Zimmerman of the Zimmerman Law Firm, and Greg White, and bring this, their *Original Complaint* alleging that the Richmond State Supported Living Center ("Richmond SSLC") violated the various rights of Plaintiffs as more specifically pled herein. Plaintiffs reserve the right to replead this *Original Complaint* if new claims and issues arise. In support thereof, Plaintiffs respectfully show the following:

### I. INTRODUCTION AND BRIEF REVIEW OF THE CASE

1. Over the course of many years, the Richmond State Supported Living Center failed to protect residents from abuse, neglect, and mistreatment, so much so that the United States Department of Justice Office of Civil Rights notified the State of Texas that the

conditions at Richmond SSLC, were in violation of federal law. The State and Richmond SSLC failed to adequately respond.

2. David Taylor, a resident at the Richmond State Supported Living Center, was physically beaten by an employee of the facility and subsequently denied medical care for almost two days until he died in his room in October, 2010.

3. It is because of the various acts and omissions by the staff at the Richmond SSLC, as more fully described below that Plaintiffs bring suit against the Richmond State Supported Living Center for violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794a ("Section 504") and the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"). Such equitable and remedial actions pursuant to this act include, but are not limited to, damages, reimbursement of out-of-pocket expenses, attorney fees and costs, as well as other forms of equitable relief.

## II. JURISDICTION

4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. §§ 1331 and 1343 because the matters in controversy arise under the laws of the United States as noted above.

5. This Court has jurisdiction, despite the express language of the Eleventh Amendment to the Constitution of the United States, in light of an express waiver of immunity contained in 42 U.S.C.§2000 d-7 which provides that:

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 USCS § 794], title IX of the Education Amendments of 1972 [20 USCS §§ 1681 et seq.], the Age Discrimination Act of 1975 [42 USCS §§ 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 USCS §§ 2000d et seq.], or the provisions of

       any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

6. Finally, this Court has jurisdiction to award attorney's fees and costs to the Plaintiffs pursuant under Section 504 and the ADA pursuant to 29 U.S.C. §794a and 42 U.S.C. §12133.

## III. VENUE

7. Under 28 U.S.C. §1391, venue is proper before this Court because the events and omissions giving rise to Plaintiffs claims occurred in the Southern District of Texas.

## IV. PARTIES

8. David Taylor, when alive, was a citizen of the State of Texas, and was at all pertinent times a resident of Richmond SSLC. It is uncontroverted that he is considered a "qualified individual with a disability," as defined by Section 504 of the Rehabilitation Act of 1973 and the ADA.

9. His parents and natural heirs in this proceeding are Larry Paul Taylor and Pamela Lavelle Varnell, both citizens of the State of Texas and residents of Dallas County and Leon County respectively.

10. Defendant Richmond State Supported Living Center, formerly known as "Richmond State School" is a residential facility for disabled persons and is administered by the State of Texas. It is uncontroverted that Richmond SSLC is a recipient of federal funds under Section 504 and is a "public entity" under the ADA. The center is located at 2100 Preston, Richmond, Texas 77469 and may be served through its superintendent, Mr. Al Barrera.

## V. <u>FACTUAL BACKGROUND</u>

11. David Paul Taylor was born prematurely after just 26 weeks on May 18, 1982. Throughout the rest of life, David failed to meet to meet developmental milestones. Ultimately, David was diagnosed with severe autism and profound mental retardation.

12. David's disabilities were so severe that he never learned to speak or to communicate in any reliable way.

13. During his teenage years, it became necessary to admit David into residential facilities during the day.

14. In 2004, at the age of 22, David was admitted as a permanent resident of the Richmond SSLC.

15. Sometime thereafter the United States Department of Justice (DOJ) began a statewide investigation of Texas state schools regarding allegations of abuse, neglect and violations of patient's rights.

16. On December 1, 2008 the DOJ issued their findings noting that the Richmond State School was cited for 36 deficiencies, including, but not limited to:

   a. Failure to ensure clients' rights were protected, including the right to be free from abuse, neglect, and mistreatment;

   b. Failure to ensure that clients were free from unnecessary restraints and received active treatment;

   c. Failure to have sufficient direct care staff to meet the needs of clients;

   d. Failure to protect clients from abuse during investigations;

   e. Failure to provide initial and ongoing staff training;

   f. Failure to show that all allegations of abuse, neglect, or mistreatment were

        thoroughly investigated; and

    g. Failure to provide clients' health care services, prompt treatment, preventative services, and follow-up care.

17. In 2009, and as a result of the DOJ investigation, Richmond State School, along with the state of Texas and other Texas facilities, entered into a Settlement Agreement requiring that they:

    a. Immediately implement policies, procedures, and practices that require a commitment that they shall not tolerate abuse or neglect of individuals and that staff are required to report abuse or neglect of individuals; and

    b. Implement incident management policies, procedures, and practices, requiring:

        i. Staff to immediately report serious incidents, including, but not limited to death, abuse, neglect, exploitation, and serious injury;

        ii. Mechanisms to ensure that, when serious incidents such as allegations of abuse, neglect, exploitation, or serious injury occur, staff take immediate and appropriate action to protect the individuals involved;

        iii. Competency-based training for all staff on recognizing and reporting potential signs and symptoms of abuse, neglect, and exploitation;

        iv. Notification of all staff of their obligation to report abuse, neglect, or exploitation; and

        v. Audits to determine whether significant resident injuries are reported for investigation.

18. Unfortunately, the State of Texas and Richmond SSLC failed to live up to their end of the Settlement Agreement.

19. Due to his disabilities, David was ordered to have 1:1 supervision at all times per doctor's orders. As a matter of course, any such person working with David needed to be effectively trained and supervised. Unfortunately, they were not.

20. Specifically, and sometime in the period around October 6th or 7th in 2010, when there was a paucity of supervision, David was violently beaten by Rivers Glover, an SSLC employee who was without appropriate training and without necessary support.

21. After the incident David remained helplessly in his bed, simply dying from his internal injuries.

22. Over the next 24-48 hours after the incident, Amara Oporanozie, a nurse at the Richmond SSLC, was supposed to have checked on David multiple times. She too was not correctly supervised, not sufficiently trained and in any case did not receive the necessary support to fulfill her duties correctly.

23. In fact, the medical record evidences she failed to even once collect David's vital sign information. Had she collected such information, she would have been able to tell immediately that something was seriously wrong with David and he could have received the medical attention that could have saved his life.

24. Instead, David was left to suffer until, on the morning of October 8, 2010, David was found in his bed with no pulse or respiration. Paramedics were called in but he was pronounced "dead on arrival" at 5:18 a.m. that morning. The cause of death was blunt force trauma to his abdomen rupturing his intestines.

25. Due to his disability and his resulting inability to communicate, David was unable to complain to anyone if he was being abused or neglected, or whether or not he needed medical treatment.

26. Despite the lengthy DOJ investigation and settlement by the State of Texas with the DOJ, the conditions at Richmond SSLC did not improve and ultimately cost David Taylor his life.

## VI. CLAIMS FOR RELIEF PURSUANT TO SECTION 504

27. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

28. Section 504 of the Rehabilitation Act of 1973 and its implementing regulations require that each state that receives federal disbursements, including the state's political subdivisions, must ensure all persons with disabilities are given appropriate and necessary accommodations, pursuant to federal law and rules. To the degree that a policy or practice hinders honest consideration of a disabled person's unique needs and fails to accommodate that person's disability, it violates Section 504.

29. A violation of Section 504 exists in this cause because the Richmond SSLC, a recipient of federal disbursements, has acted in bad faith or with gross misjudgment as to David Taylor's treatment plan.

30. In addition and in the alternative, a violation of Section 504 also exists because the Richmond SSLC has intentionally discriminated against David Taylor on the basis of his disability.

31. Moreover, and also in addition and in the alternative, a violation of Section 504 also exists because the Richmond SSLC had policies, practices and customs which were facially neutral but David Taylor received disparate treatment due to his disability.

32. Further, and also in addition and in the alternative, a violation of Section 504 also exists because the Richmond SSLC had policies, practices and customs which were facially

neutral but had a disparate impact on David Taylor due to his disability.

33. Because of any and all of the above, Plaintiffs are entitled to recover compensatory damages for the death of David, including the damages that were suffered by him both during and after the fatal attack, but also on behalf of his parents and beneficiaries under applicable law.

## VII. CLAIMS FOR RELIEF UNDER THE ADA

34. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

35. As a public entity, Richmond SSLC is obligated to provide treatment, support and services to patients consistent with Title II of the Americans with Disabilities Act and implementing regulations. 42 U.S.C. § 12101 *et seq.*, 28 C.F.R. § 35.

36. Such acts and omissions by staff at the Richmond SSLC, as more fully described above, including and especially the abuse and neglect of David and the denial of necessary medical care, all on the basis of his disability, thereby violated Title II of the ADA, 42 U.S.C. § 12132, *see also* 28 C.F.R. §35.130.

## VIII. RATIFICATION

37. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

38. Defendant ratified the acts, omissions and customs of Richmond SSLC personnel and staff.

39. As a result the Defendant is responsible for the acts and omissions of staff persons who were otherwise responsible for the safety of David.

## IX. <u>PROXIMATE CAUSE</u>

40. Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if herein set forth.

41. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, jointly and severally, constitute a direct and proximate cause of the injuries and damages set forth herein.

## X. <u>DAMAGES</u>

42. Plaintiffs incorporate by reference all the above related paragraphs, as if fully set forth.

    a. As a direct and proximate result of the Defendants' conduct, David Taylor has suffered injuries and damages, which he, by and through his personal representative, may seek compensation thereby, all within the jurisdictional limits of this court, including but not limited to the following:

        i. Physical pain and suffering in the past;
        ii. Mental anguish in the past;
        iii. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;
        iv. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;
        v. Disfigurement in the past;

43. By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## XI. ATTORNEY FEES

44. Plaintiffs incorporate by reference all the above related paragraphs, as if fully set forth herein

45. It was necessary for Plaintiffs to retain the undersigned attorneys to file this lawsuit. Upon judgment, Plaintiffs are entitled to an award of attorney fees and costs pursuant to 42 U.S.C. § 12133 and 29 U.S.C. §794a.

## XII. DEMAND FOR JURY TRIAL

46. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a jury trial for all issues in this matter.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray for judgment against Defendant in the manner and particulars noted above, and in an amount sufficient to fully compensate them for the elements of damages enumerated above, judgment for damages, recovery of attorney's fees and costs for the preparation and trial of this cause of action, and for its appeal if required, together with pre- and post-judgment interest, and court costs expended herein, and for such other relief as this Court in equity, deems just and proper and for such other relief as the Court may deem just and proper in law or in equity.

    Respectfully submitted,
    Cirkiel & Associates, P.C.

    /s/ Martin J. Cirkiel
    Martin J. Cirkiel, Esq.
    State Bar No. 00783829
    1901 E. Palm Valley Blvd.
    Round Rock, Texas 78664
    (512) 244-6658 [Telephone]
    (512) 244-6014 [Facsimile]
    marty@cirkielaw.com

Michael Zimmerman, Esq.
State Bar No. 22271400
The Zimmerman Law Firm
3501 W. Waco Drive
Waco, Texas 76710
(254) 752-9688 [Telephone]
(254) 752-9680 [Facsimile]
mzimmerman@thezimmermanfirm.com


Greg White
State Bar No. 21329050
P. O. Box 2186
Waco, Texas 76703
(254) 717-5728 [Telephone]
(866) 521.5569 [Facsimile]
greg.white@texapplaw.com

**ATTORNEYS FOR PLAINTIFFS**