IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LARRY PAUL TAYLOR, et al.<br>    *Plaintiffs,*<br><br>v.<br><br>RICHMOND STATE SUPPORTED<br>LIVING CENTER,<br>    *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 4:11-CV-03740 |

_____

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS**
_____

TO THE HONORABLE NANCY F. ATLAS, UNITED STATES DISTRICT JUDGE:

Defendant RICHMOND STATE SUPPORTED LIVING CENTER (RSSLC OR RICHMOND), hereby files its *Reply to Plaintiff's Response in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss*, and in support thereof, would show this Court the following:

**I.
INTRODUCTION**

Plaintiff Taylor[1] sued RSSLC asserting various claims for discrimination under the Rehabilitation Act and the Americans with Disabilities Act. Richmond moved to dismiss the claims on the ground that they failed to state a claim upon which relief could be granted by this Court. Specifically, RSSLC pointed out that Taylor failed to plead any facts establishing that he was treated differently than similarly situated others solely by reason of his disability. Taylor responded by citing this Court to precedent which he claims holds that, so long as he pleads facts establishing that RSSLC acted with "deliberate indifference," his claim is well-pleaded. Because

---

[1] Defendant refers to both Plaintiffs simply as "Taylor" for the sake of brevity.

Taylor misstates the relevant case law, however, RSSLC now files this Reply to address Taylor's misstatements of the law.

## II.
## ARGUMENT AND AUTHORITIES

A.  **Taylor's Reliance on *Davis v. Monroe County Bd. of Ed.* is Misplaced because he fails to Accurately Apply the Standard for which that Case Stands.**

Taylor relies primarily on the case of *Davis v. Monroe County Bd. of Ed.,* 526 U.S. 629 (1999) for the proposition that he has met the pleading requirements to establish his claims for discrimination under the Rehabilitation Act and the ADA.  *See* Doc. No. 9, Pl's Response, ¶18 at 7.  In particular, he asserts that *Davis* controls because it stands for the principle that, where the acts of the State have made a plaintiff "particularly 'vulnerable' to abuse or discrimination," those acts may form the basis for a viable discrimination claim against the state entity under the Rehabilitation Act.  *See* Doc. No. 9, Pl's Response, ¶18 at 7.  Taylor then reasons that, because David was allegedly physically abused and denied medical treatment, those actions constitute "actionable discrimination" giving rise to a claim against RSSLC.  This argument, however, is untenable because it fails to properly apply the standard from *Davis.*

In *Davis,* the Supreme Court addressed a markedly different scenario.  There, the plaintiff sued a school district under Title IX to remedy the sexual harassment of the plaintiff by a classmate, which the plaintiff had repeatedly reported to her classroom teacher and other school officials.  The district court had granted a Rule 12(b)(6) motion to dismiss the claim and the Eleventh Circuit Court of Appeals affirmed.  In reversing the lower courts, the Supreme Court specifically spelled out the context in which a school district could be liable:

> We agree with respondents that a recipient of federal funds may be liable in damages under Title IX only for its own misconduct. The recipient itself must "exclud[e] [persons] from participation in,...den[y] [persons] the benefits of, or...subjec[t] [persons] to discrimination under" its "program[s] or activit[ies]" in

> order to be liable under Title IX.  The Government's enforcement power may only be exercised against the funding recipient,…and we have not extended damages liability under Title IX to parties outside the scope of this power....[W]e disagree with respondents' assertion, however, that petitioner seeks to hold the Board liable for G. F.'s actions instead of its own.  Here, petitioner attempts to hold the Board liable for its own decision to remain idle in the face of known student-on-student harassment in its schools.

*Davis,* 526 U.S. at 640-41 (internal citations omitted).  Applying that standard to the facts in the *Davis* case, the Court found that the plaintiff had properly stated a cause of action.  *Id.*  Here, however, the factual differences mandate a different result.

The *Davis* court repeatedly stressed that a school district's liability for discrimination under Title IX requires a showing that the district acted with "deliberate indifference to *known* acts of harassment."  526 U.S. at 642-43 (emphasis added).  Thus, to properly state a claim, a plaintiff must plead facts establishing that the school district *knew* about the harassment, yet failed to act to protect the plaintiff.  *Id.; see also Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 118 S.Ct. 1989 (1998) (establishing liability on school district under Title IX for known acts of teacher-on-student harassment).  Here, Taylor has not met this burden.[2]

Taylor has pleaded facts alleging that, statewide (including at RSSLC), conditions for residents of the Texas state supported living centers were poor, and included numerous acts of alleged constitutional violations pertaining to abuse and neglect.  He also has pleaded facts showing that the U.S. Department of Justice sued the State of Texas over these alleged violations, and that the State entered into a settlement agreement with the DOJ, taking measures to try to address the alleged constitutional deficiencies.  Finally, Taylor has also pleaded facts showing that acts of abuse and neglect continued at the various state supported living centers,

---

[2] In fact, *Gebser* is more directly on point in this case, as it dealt with harassment of a student by an employee of the school district, not a third party.  Here, Taylor likewise is complaining about abuse and neglect of David by a Richmond employee.

including Richmond, after this settlement agreement had been executed. There are no allegations, however, that David Taylor himself was previously subjected to abuse or neglect, that officials at RSSLC had actual knowledge of any previous acts of abuse against David Taylor by his alleged killer (or anyone else), or that despite such knowledge, officials at RSSLC failed to do anything to protect David from his alleged attacker.[3]

Instead, Taylor seems to argue either (1) that because abuse and neglect were allegedly common statewide, officials at RSSLC must have had knowledge of particular abuses against David, or (2) that actual knowledge of abuse of David is not required; but rather, knowledge of a general atmosphere of alleged abuse and neglect is enough to satisfy the knowledge requirement. Neither of these arguments has been endorsed by any court, however, nor has Taylor cited any authority in his response for such propositions. Rather, *Davis* clearly stands for the proposition that a claim of discrimination under a federal statute (here the ADA or Section 504) requires the pleading of facts which, if believed, would establish deliberate indifference to some *known* discrimination. Because Taylor failed to allege facts demonstrating that David had been previously subjected to abuse and/or that Richmond officials knew of, but failed to protect him in despite this previous abuse, he has failed to allege facts sufficient to establish the requisite "deliberate indifference" to sustain his discrimination claims. Accordingly, the Court should GRANT Richmond's motion and dismiss the claims.

**B.   Taylor cannot Impute the Actions of the Alleged Abuser to RSSLC.**

Taylor appears to be eminently confused about what facts he needs to allege in order to properly state a claim. Although he cites *Davis* as his controlling authority, he goes on to argue that the alleged abuse and neglect of David that allegedly caused his death is the actionable discrimination. *See* Pl's Response, ¶ 19 at 7-8. However, *Davis* explicitly holds that a plaintiff

---

[3] In fact, Plaintiff has pleaded no facts to establish that the person alleged to have beaten David to death had even been accused of abuse or neglect against any resident at the center previously.

cannot impute the actions of the harasser/abuser to the institution in order to establish liability under Title IX. *See Davis,* 526 U.S. at 642-64. Acknowledging its prior holding in *Gebser,* the Court noted that it "rejected the use of agency principles to impute liability to the district for the misconduct of its teachers." *Id.* at 642; *see also Gebser,* 524 U.S., at 283, 118 S.Ct. 1989. Applying these principles here, Taylor cannot, therefore, use the alleged abusers' actions to hold Richmond liable for discrimination. Instead, as noted above, he must plead facts showing that officials at Richmond *actually knew* of prior abuse, but were deliberately indifferent to David's need for protection. *Id.* Because there are no facts pleaded that could establish this essential element, and in fact, because Taylor can plead no set of facts to establish that indifference, the Court should GRANT Richmond's motion and dismiss the claims.

## III.
## CONCLUSION

FOR THE FOREGOING REASONS, the Court should GRANT the Defendant's Motion to Dismiss Taylor's claims for failure to state a claim. Taylor has not pleaded facts establishing the necessary elements, even under the precedent he has put before this Court in his Response. Accordingly, Taylor has failed to state a valid claim under either the ADA or the Rehabilitation Act, and his lawsuit should therefore be dismissed.

Respectfully submitted,

GREG ABBOTT
Texas Attorney General

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

ROBERT B. O=KEEFE
Chief, General Litigation Division

/s/ Daniel C. Perkins
**DANIEL C. PERKINS**
Texas Bar No. 24010301
Assistant Attorney General
Texas Attorney General's Office
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
dan.perkins@oag.state.tx.us

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I certify that a copy of the above *Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss* was served by the following manner, on the **15th day of January 2012,** upon the following individuals at the listed addresses:

| | |
|---|---|
| Martin J. Cirkiel<br>1901 E. Palm Valley Blvd.<br>Round Rock, Texas 78664 | ☒ Via CM/ECF email:<br>☐ Via Facsimile<br>☐ Via Regular Mail<br>☐ Via Certified Mail Return Receipt Requested<br>☐ Via Overnight Mail or UPS/FedEx |
| Michael Zimmerman<br>The Zimmerman Law Firm<br>3501 W. Waco Drive<br>Waco, Texas 76710 | ☒ Via CM/ECF email:<br>☐ Via Facsimile<br>☐ Via Regular Mail<br>☐ Via Certified Mail Return Receipt Requested<br>☐ Via Overnight Mail or UPS/FedEx |
| Greg White<br>P.O. Box 2186<br>Waco, Texas 76703<br><br>*ATTORNEYS FOR PLAINTIFF* | ☒ Via CM/ECF email:<br>☐ Via Facsimile<br>☐ Via Regular Mail<br>☐ Via Certified Mail Return Receipt Requested<br>☐ Via Overnight Mail or UPS/FedEx |

/s/Daniel C. Perkins
**DANIEL C. PERKINS**
Assistant Attorney General
General Litigation Division